## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew B. Wiggins | | CHAPTER 13 |
| | Debtor | |
| M&T Bank | | |
| | Movant | |
| vs. | | NO. 17-14221 MDC |
| Matthew B. Wiggins | | |
| | Debtor | |
| William C. Miller Esq. | | 11 U.S.C. Section 362 |
| | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through July 2018.

2.    **$1,031.00** in fees and costs relating to the Motion for Relief currently owing.

3.    The Debtor(s) shall cure said fees and costs in the following manner;

a). Beginning on August 1, 2018 and continuing through January 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$780.58** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$171.84 from August 2018 to December 2018 and $171.80 for January 2019** towards the arrearages on or before the last day of each month at the address below;

M&T Bank
P.O. Box 62182
Baltimore, MD 21264-2182

b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

4.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5.     In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6.     The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7.     If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.     The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.     The parties agree that a facsimile signature shall be considered an original signature.

Date:     July 25, 2018

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 7/30/18

Gary E. Thompson, Esquire
Attorney for Debtor

Date: 8/24/18

William C. Miller, Esquire
Chapter 13 Trustee *without prejudice to any
NO POSITION
trustee rights or remedies

Approved by the Court this day of _____ August 28 _____, 2018. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Bankruptcy Judge
Magdeline D. Coleman