United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 17-14221-mdc
Matthew B. Wiggins                                              Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Virginia          Page 1 of 1          Date Rcvd: Aug 29, 2018
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 31, 2018.
db            +Matthew B. Wiggins,    106 N. Wayne Street,    West Chester, PA 19380-2803

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 31, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 29, 2018 at the address(es) listed below:
          GARY E. THOMPSON    on behalf of Debtor Matthew B. Wiggins get24esq@aol.com
          KEVIN G. MCDONALD    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
          MARTIN A. MOONEY    on behalf of Creditor    TD BANK, N.A. ahight@schillerknapp.com,
           ahight@schillerknapp.com;Tshariff@schillerknapp.com;kcollins@schillerknapp.com;cmack@schillerknap
           p.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
          United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew B. Wiggins | Debtor | CHAPTER 13 |
| M&T Bank vs. | Movant | NO. 17-14221 MDC |
| Matthew B. Wiggins | Debtor | |
| William C. Miller Esq. | Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through July 2018.

2. $1,031.00 in fees and costs relating to the Motion for Relief currently owing.

3. The Debtor(s) shall cure said fees and costs in the following manner;

a). Beginning on August 1, 2018 and continuing through January 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $780.58 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of $171.84 from August 2018 to December 2018 and $171.80 for January 2019 towards the arrearages on or before the last day of each month at the address below;

M&T Bank
P.O. Box 62182
Baltimore, MD 21264-2182

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 25, 2018

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 7/30/18

Gary E. Thompson, Esquire
Attorney for Debtor

Date: 8/24/18

William C. Miller, Esquire
Chapter 13 Trustee *NO POSITION without prejudice to any trustee rights or remedies

Approved by the Court this day of August 28, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman